IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
APR 1 2 2012
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

---

**ROXANNE LA MARTINA,**

                               Plaintiff,

        vs.

**BRIAN FISCHER,** Individually and as Commissioner of the
State of New York Department of Correctional Services;
**DAVID M. UNGER,** as Superintendent of the Orleans
Correctional Facility; **JEFFREY HOLLOR,** Individually
and as head cook; **ERNEST LOWERRE,** Individually and as
Food Service Administrator II; **STATE OF NEW YORK;**
**STATE OF NEW YORK DEPARTMENT OF**
**CORRECTIONAL SERVICES,**

                             Defendants.

**CIVIL ACTION NO.**

**COMPLAINT**

**CIVIL RIGHTS**

12  CV  0308_ /

---

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Equal Employment Opportunity Act of 1972, PL 92-261, 86 Stat. 103, (42 U.S.C. §§ 2000e et seq.), under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. §§ 1983) and seeks affirmative and equitable relief and compensatory and punitive damages.

## JURISDICTION & VENUE

2.     Plaintiff invokes the jurisdiction of this Court with respect to her cause of action under Title VII pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. §§ 1343.

3.     Plaintiff invokes the jurisdiction of this Court with respect to her cause of action

under the Fourteenth Amendment to the United States Constitution, Section 1 and 5, 42 U.S.C.

§§ 1983 and U.S.C. 1343.

4.      The unlawful employment practices and violations and deprivations of Plaintiff's

civil rights complained of herein were committed within the State of New York and within the

Western District of New York and venue is proper in this Court pursuant to 42 U.S.C. §§ 2000e-

5(f)(3) and 28 U.S.C. §§ 1391(b).

## PLAINTIFF

5.      Plaintiff Roxanne LaMartina is and was at all times material herein a female

citizen of the United States of America and a resident of the County of Orleans and State of New

York, and is a former employee of the State of New York Department of Correctional Services.

## DEFENDANTS

6.      Defendant State of New York is and was at all times material herein a government

and a public employer as the terms "government" and "public employer" are commonly

understood and defined.

7.      Defendant Brian Fischer is the Commissioner of the New York State Department

of Correctional Services.  As Commissioner, defendant Brian Fischer has the responsibility for

supervising, running and administering the New York State Department of Correctional Services.

Said defendant is ultimately responsible for enforcing compliance with all State and Federal

Laws, Rules, Regulations and insuring that Department of Correctional Services, staff,

employees, supervisors and the like comply with the same.  Defendant Brian Fischer is named as

a party defendant individually and in his capacity as Commissioner of the New York State Department of Correctional Services.

8.    Defendant Brian Fischer maintains offices at the State of New York Department of Correctional Services, State Office Building No. 2, Room 203 State Office Building Campus, 1220 Washington Street, Albany New York.

9.    Defendant David M. Unger was the Superintendent of the Orleans Correctional Facility with offices located at 35-31 Gaines Basin Road, Albion, New York.  As Superintendent, defendant had ultimate responsibility for the administration and running of the Orleans Correctional Facility including but not limited to the enforcement of and compliance with all State and Federal Laws, Rules, Regulations and insuring that facility employees, supervisors, staff and the like comply with the same.  Defendant Unger is named as a party defendant in his capacity as Superintendent of the Orleans Correctional Facility.

10.    Defendant Jeffrey Hollor is and/or was the head cook at the Orleans Correctional Facility at all times relevant herein.  As head cook, defendant Hollor was responsible for and supervised plaintiff Roxanne LaMartina.

11.    Defendant Ernest Lowerre was at all times relevant herein a Food Service Administrator at the Orleans Correctional Facility.  As Food Service Administrator, defendant Lowerre was responsible for and supervised all employees assigned to the Orleans Correctional Facility nutritional services department and was responsible for the operation of the said department at the facility.

12.    Defendant State of New York is and was at all times relevant herein a government and a public employer as said terms are generally used and defined.  Defendant State of New

3

York, at all times relevant herein, is and was an employer engaged in an industry affecting commerce and having fifteen or more employees all within the ambit of 42 U.S.C. §§ 2000e.

13.     Defendant State of New York Department of Correctional Services is and was at all times relevant herein an agency of the State of New York responsible for the care, confinement, and rehabilitation of inmates at some sixty one (61) correctional facilities funded by the State of New York.  The Orleans Correctional Facility is one such facility.

## PROCEDURAL REQUIREMENTS

14.     On or about February 12, 2007, Plaintiff Roxanne LaMartina (herein "plaintiff" or "LaMartina") timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (herein "EEOC") and with the New York State Division of Human Rights (herein "NYS-DHR").  Said charge alleged unlawful employment discrimination on the basis of sex.  Said charge was investigated by the EEOC.

15.     On August 2, 2010, the EEOC issued determination on the merits of the charge. As is set forth in the Determination, the EEOC concluded that the New York State Department of Correctional Services and/or Orleans Correctional Facility had violated Title VII of the Civil Rights Act, as amended.

16.     Set forth in the Determination issued by Spencer H. Lewis, Jr., District Director, New York District Office, for the EEOC, were the following findings:

> The evidence gathered by the Commission substantiated the Charging Party's allegations.  Credible witness testimony and the transcript of the New York State Workers' Compensation Hearing Transcripts, confirmed that her immediate supervisor, Mr. Hollor, subjected her to different terms and conditions of employment.  In particular, co-workers and inmates were specifically informed by Mr. Hollor not to assist the Charging Party.  The record also showed, that she was

4

disciplined for not making log entries while male co-workers were not similarly disciplined, and her work and movements were more closely scrutinized, while her male peers were not subjected to the same terms and conditions of employment.

Additionally, the investigation revealed that although Charging Party complained, Respondent failed to take prompt, effective or remedial action in addressing her allegations, despite the fact that Respondent was aware that Mr. Hollor may have engaged in similar misconduct with his previous employer and was terminated. The record revealed that Charging Party complained verbally on at least two occasions to her Department Head and that he failed to take any effective action. It was only when Charging Party filed a formal written complaint that the Department Head forwarded the information up the chain of command.  Although Respondent maintained it conducted a full investigation, the record shows that they failed to interview individuals who would have substantiated her allegations.

17.     Following the issuance of the Determination, the EEOC attempted to eliminate the alleged unlawful practices by informal methods of conciliation.  Plaintiff stated willingness to participate in said conciliation.  Upon information and belief, the defendants refused.

18.     On or about January 30, 2012 plaintiff was advised by the United States Department of Justice, Civil Rights Division of right to sue with issuance of Notice of Right to Sue Within 90 Days letter dated January 23, 2012.

## VIOLATIONS AND CLAIMS ALLEGED

19.     Plaintiff began employment as a cook at the Orleans Correctional Facility on or about August 9, 2004.  Plaintiff was the only female employed in said capacity.  During her employment, plaintiff was supervised by several individuals, including Jeffrey Hollor, head cook.

20.     Plaintiff's last day of work was on or about January 4, 2007.  Effective January 12, 2008, plaintiff was terminated from employment due to her absences having exceeded one cumulative year.  The absences were due to worker's compensation injuries resulting from her

employer's discriminatory conduct. New York State Worker's Compensation has found for the plaintiff.

21.     As is set forth in the EEOC's determination dated August 2, 2010, defendant Jeffrey Hollor subjected the plaintiff to different terms and conditions of employment including, but not limited to, directing co-workers and inmates not to assist the plaintiff, disciplining the plaintiff for not making log entries while male co-workers were not similarly disciplined, and monitoring and scrutinizing the plaintiff's work and movements far more closely and frequently than for male peers. Unlike for male peers, defendant Hollor repeatedly berated and demeaned the plaintiff in front of peers and inmates for no legitimate reason or purpose.

22.     During her employment at the Orleans Correctional Facility, defendant Hollor constantly threatened the plaintiff with discipline, forced the plaintiff to work less desirable units, compelled the plaintiff to perform tasks not expected of her peers, and forced the plaintiff to work overtime not compelled of her peers.

23.     The actions of defendant Hollor created a hostile work environment.

24.     During plaintiff's employment at the Orleans Correctional Facility, plaintiff was maliciously subjected to investigation for purportedly having sex with an inmate. Said investigation was prompted by a letter from defendant Jeffrey Hollor or letter submitted at his behest to the New York State Inspector General's Office. Said allegation was a lie, known to be a lie, and later admitted to be a lie. The inmate named in the said letter knew nothing of the letter and unequivocally denied ever having any sexual contact with the plaintiff. Defendant Hollor made up the story in an effort to have the plaintiff fired.

25.     The plaintiff repeatedly complained to defendant Lowerre and others regarding

the hostile work environment and conduct of defendant Hollor. Defendant Lowere repeatedly failed to take and/or direct corrective action or to otherwise properly address the plaintiff's many complaints regarding defendant Hollor's hostile and discriminatory actions toward her.

26.     On or about January 4, 2007, the plaintiff was removed from work by her attending physician due to injuries resulting from the undue harassment and stress.

27.     During her employment at the Orleans Correctional Facility, the plaintiff repeatedly complained about and objected to being subjected to different terms and conditions of employment because of her sex.

28.     The defendants failed to take prompt, effective or remedial action in addressing the plaintiff's complaints and objections.

29.     The defendants were aware or should have been aware that defendant Jeffrey Hollor had engaged in sexual misconduct with his previous employer and was terminated because of that misconduct.

30.     On at least two occasions, the plaintiff verbally complained to her department head regarding defendant Jeffrey Hollor's discriminatory action and conduct, but the department head failed to take any action.

31.     It was only after the plaintiff filed a formal written complaint that the department forwarded the complaint up the chain of command. No investigation was conducted in that, among other things, none of the plaintiff's witnesses were even contacted.

32.     The defendants failed and refused to take appropriate corrective action to end the hostile intimidating, and discriminating conditions in plaintiff's workplace'

33.     That as result of the illegal acts of the defendants, the plaintiff has suffered loss

of employment, employment benefits, pension and insurance benefits, loss of income, acute

depression and anxiety and other medical problems and conditions, as well as medical and legal

expenses.

34.    As an immediate and direct result of defendants' unlawful deprivation of

plaintiff's civil rights and illegal acts and conduct, the plaintiff incurred not only lost wages and

other employment benefits, but also loss of employment opportunities, expenses and other

damages, damages to reputation, and endured mental pain and suffering, humiliation and

severe anxiety.

WHEREFORE, Plaintiff respectfully prays that this Court

(a)    Order, adjudge and decree that the failure of defendants to act appropriately to end

the discriminatory conditions of Plaintiff's employment were unlawful and violative of Plaintiff's

rights under Title VII, 42 U.S.C. Section 1983, and the Constitution and laws of the United

States;

(b)    Issue a permanent injunction enjoining Defendants, their agents, servants,

employees, officers, successors and assigns, and all those acting in concert with them and/or at

their direction from discriminating against the Plaintiff with respect to compensation, terms,

conditions, and/or privileges of employment;

(c)    Order Defendants to offer Plaintiff immediate and full reinstatement to the same

job which she had prior to her termination, or reinstatement to a job substantially equivalent

thereto, together with full and complete back pay and restoration of all other terms, benefits,

conditions and privileges of employment without loss of seniority or any other benefit caused

by the unlawful loss of Plaintiff's employment;

8

(d)     Order awarding Plaintiff front-pay in an amount that will adequately compensate her for a period sufficient to find a job substantially equivalent to the job she held prior to her unlawful loss of employment, should she choose not to return to the employ of the Defendants;

(e)     Award Plaintiff her reasonable attorneys fees, together with the costs and disbursements of this action;

(f)     Retain jurisdiction over this action to insure full compliance with the orders of this Court and with the laws;

(g)     Award Plaintiff compensatory and punitive damages in an amount to be determined;

(h)     Grant Plaintiff such other and further equitable and legal relief as the Court may deem just and proper.


Dated: March 20, 2012


Respectfully submitted,

W. James Schwan, Esq.
Attorney for Plaintiff
295 Main Street, Suite 700
Buffalo, New York 14203

9

STATE OF NEW YORK
COUNTY OF ERIE

**VERIFICATION**

The undersigned, being duly sworn, deposes and says that she is the plaintiff in this action, that she has read the foregoing Complaint and knows the contents thereof; and that the same is true to the personal knowledge of deponent, except as to matters therein stated to be alleged on information and belief, and that as to those matters therein stated to be alleged on information and belief, and that as to those matters, she believes them to be true.

_Roxanne LaMartina_
Roxanne LaMartina

Sworn to before me this
_25th_ day of March, 2012

_Valerie A. Niederhofer_
Notary Public, State of New York

VALERIE A. NIEDERHOFER
Notary Public - State of New York
Qualified in Orleans County
Commission Expires 11-29-2012